UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 10-107-JBC

MARY E. DOAN, PLAINTIFF,

V.  **MEMORANDUM OPINION AND ORDER**

MICHAEL ASTRUE, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION, DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Mary Doan's appeal of the Commissioner's denial of her application for Disability Insurance Benefits and Social Security Income. (R.12, 13) The court will grant the Commissioner's motion and deny Doan's motion because substantial evidence supports the administrative decision.

Doan was a fifty-eight-year-old female with a high school education and some college experience at the time of the alleged disability onset date. AR 11. She alleged disability beginning December 1, 2006, due to heart problems and pain in her wrist and back. AR 177. She filed her claims for DIB and SSI on May 29, 2008. AR 154; AR 159. Her claims were denied initially on August 20, 2008, and upon reconsideration on September 16, 2008. AR 19. After a hearing on September 15, 2009, Administrative Law Judge Don C. Paris determined that Doan was not under a disability within the meaning of the Social Security Act. *Id.* At Step 1, *see Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th

Cir. 1994); 20 C.F.R. § 404.1520, the ALJ found that Doan had engaged in some gainful activity since the alleged disability onset date; however, he did not rule on whether the activity was substantial, choosing instead to continue through the sequential analysis. AR 21. At Step 2, the ALJ found that Doan has severe impairments of coronary artery disease, peripheral vascular disease, decreased grip strength in right hand, and obesity. *Id*. The ALJ then determined at Step 3 that Doan does not have an impairment or combination of impairments that meets or medically equals a listing in the Listing of Impairments. AR 23. At Step 4, the ALJ found that Doan is capable of performing past relevant work as a non-hazardous security guard, mutuel clerk, money room clerk and office manager, and therefore has not been under a disability, and denied her claims for DIB and SSI. AR 26. On Janurary 25, 2010, the Appeals Council denied Doan's request for review of the ALJ's decision, and Doan commenced this action.

Doan challenges the ALJ's ruling on the following grounds: (1) the ALJ was improperly predisposed to Doan's past work; (2) the ALJ mischaracterized Doan's past relevant work; (3) the ALJ failed to find certain impairments as severe and therefore did not properly consider them when fashioning the RFC; (4) the ALJ failed to fully develop the record regarding Doan's depression; (5) the ALJ failed to include certain medical evidence in his decision; (6) Doan's due process rights were violated due to seemingly purposeful obscuring of the hearing record by the ALJ; (7) the ALJ's findings regarding Doan's obesity and

related pain are not supported by substantial evidence; and (8) the ALJ improperly assessed Doan's credibility.

The ALJ did not exhibit predisposition or bias regarding Doan's prior work. Doan suggests that the ALJ's comments at the hearing that he was familiar with the duties of a money clerk indicate that he was predisposed toward characterizing her past work as relevant. Specifically, after Doan described her job duties when she worked in the money room at the Keeneland race track, the ALJ stated that he is familiar with the racetrack and that "I know exactly what you do." Doan asserts that these comments indicate that the ALJ prejudged the claim before Doan walked into the room, but she has failed to present sufficient evidence to overcome the presumption that the ALJ was unbiased. *See Schweiker v. McClure*, 456 U.S. 188, 195 (1982). A claimant can rebut this presumption by showing a conflict of interest or some other specific convincing evidence of actual bias or prejudgment. *See id.*; *Navistar Intern. Transp. Corp. v. U.S. EPA*, 941 F.2d 1339, 1360 (6th Cir. 1991). Here, Doan's allegation that the ALJ prejudged her case based on his comments is not grounds for reversal, because it is mere speculation or inference, *see Navistar*, 941 F.2d at 1360, as she fails to articulate any way that the ALJ's familiarity with the type of work Doan performed in the past reflects on his determination of whether her impairments would prevent her from performing that work in the future.

Whether the ALJ mischaracterized Doan's former work as a money clerk is

non-material, because the ALJ found that Doan could return to a number of her former positions, of which a money clerk is only one. The ALJ determined that Doan could return to her former work as a mutuel clerk, money clerk, security guard, or office manager; if the ALJ erred in characterizing one of Doan's past positions, the error is harmless, because it does not invalidate his finding that she could perform other past relevant work, and therefore is not grounds for reversal of his decision.

Doan asserts that the ALJ failed to find certain impairments as severe and therefore did not properly consider them when fashioning the RFC. At Step 2, the ALJ found a number of severe impairments: coronary artery disease; peripheral vascular disease; decreased grip strength of the right hand; and obesity. AR 21. Because the ALJ found severe impairments, he was able to proceed in the sequential evaluation. The Step 2 evaluation is a threshold analysis, and a finding that an impairment is not severe at Step 2 does not preclude the ALJ from considering it when fashioning the RFC. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

In fact, the ALJ thoroughly considered Doan's severe and non-severe impairments, including her hypertension, chronic irritable bowel syndrome, osteopenia, ganglion cysts, and degenerative disc disease, in fashioning the RFC. An RFC assessment "is the adjudicator's ultimate finding of 'what you can do despite your limitations.'" SSR 96-5p (1996). The ALJ considered the entirety of

4

the medical record and Doan's testimony in determining that she could perform light work. AR 23. The ALJ noted that Doan's hypertension and irritable bowel syndrome are controlled with medications. *Id.* He discussed her history of recurring ganglion cysts, noting that the surgeries to remove the cysts were uncomplicated and that Doan did well with improvement in strength and range of motion. AR 25. He included restrictions on right wrist movement in the RFC, AR 23, noting Doan's decreased grip strength related to residual irritation of the ulnar dorsal sensory nerve. AR 22. The ALJ further noted that Doan's osteopenia and degenerative disc disease are relatively mild. AR 23. The ALJ took appropriate notice of these impairments in creating the RFC based on the objective medical evidence in the record. *See* 20 C.F.R. §§ 404.1529, 416.929; *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The ALJ properly considered plaintiff's testimony and noted that Doan's testimony regarding the severity of these impairments was not credible when considered in the context of her regular activities, particularly regarding her continuing to work after the alleged disability onset date. AR 25; *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The ALJ's findings of fact regarding the severity of Doan's impairments are based on substantial evidence, and the ALJ correctly applied those facts in determining Doan's RFC. *See Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005).

Doan also asserts that the ALJ failed to develop the record regarding her

depression. Doan presented no medical evidence of depression and testified that, though she gets upset easily sometimes because of her physical limitations, she probably wouldn't seek mental health treatment even if it were recommended by a doctor. AR 60. A claimant has the burden to prove a disability, *see Richardson v. Heckler*, 750 F.2d 506, 509 (6th Cir. 1984); 42 U.S.C. § 423(d)(5)(2010), and because Doan presented no medical evidence of depression, the ALJ appropriately found that Doan has no medically determinable mental impairments. AR 23. Doan asserts that the ALJ had a responsibility to "investigate the facts and develop the arguments both for and against granting benefits," *Sims v. Apfel*, 530 U.S. 103, 120 (2000), but the ALJ is not required to develop Doan's arguments – particularly those she has explicitly chosen not to pursue – or to produce evidence on her behalf. *See Born v. Sec'y of Health & Human Servs.*, 923 F.2d 1168, 1172 (6th Cir. 1990); *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 856 (6th Cir. 1986). Though Doan's counsel suggested at the hearing that a consultative examination be ordered to investigate Doan's mental health, the ALJ properly denied the suggestion because the ALJ had sufficient evidence on the subject to render a decision. *See* 20 C.F.R. §§ 404.1517, 416.917.

Doan incorrectly asserts that the ALJ failed to consider or even mention the nerve damage to her right wrist. As discussed above, the ALJ at Step 2 determined that Doan suffered from "decreased grip strength of the right hand," AR 21, "that is consistent with residual irritation of ulnar dorsal sensory nerve." AR 22.

The ALJ properly integrated Doan's wrist impairments into the RFC, noting that Doan can perform "no more than frequent handling with the right hand." AR 23.

Doan also asserts that she was denied her due process rights because the ALJ "was rubbing the microphone during a portion of the hearing and obscuring the record with the sound of his rubbing." Doan cites no authority for this argument and does not explain how this rubbing would violate her due process rights. She does not allege that the ALJ did not actually hear or take into account parts of her testimony, only that the record was obscured. The Commissioner's brief points out that there are only three instances in the record that are marked "inaudible" and that, each time, follow-up questions and responses clarifying the substance of Doan's testimony were fully transcribed. *See* AR 33-34, 47, 55-56. Doan's due process rights were not violated during the hearing.

Doan also presents an argument, based largely on hypothetical reasoning, that the ALJ failed to factor her obesity into his analysis; however, the ALJ extensively documented his consideration of Doan's obesity. AR 22. Indeed, the ALJ found that Doan's obesity was a severe impairment. AR 21. Doan asserts that the ALJ's analysis of her obesity is "too abbreviated" and seems to insist that the ALJ should have considered the compounding effects that Doan's obesity would have on all of her various impairments beyond that presented in the objective medical evidence of record. The investigation that Doan suggests is outside the scope of the ALJ's authority–"the ALJ is not to make assumptions about the

severity or functional effects of obesity combined with other impairments." SSR 02-1p, 67 Fed. Reg. 57859 (2000). The ALJ specifically discussed the requirements of SSR 02-1p in evaluating Doan's obesity. AR 23. The ALJ appropriately considered Doan's obesity and related pain in his consideration of the medical evidence of record and Doan's testimony, and his findings are supported by substantial evidence.

Finally, Doan asserts that the ALJ erred in assessing her credibility regarding her pain. She claims that her long-term efforts to obtain pain relief enhance her credibility. Doan fails to cite any medical evidence indicating such efforts. The ALJ properly considered the medical evidence of record and found that there was insufficient evidence to support the extent of Doan's symptoms as alleged, particularly in the context of Doan's testimony regarding her regular daily activities. AR 25. The ALJ's credibility finding factors greatly into his assessment of Doan's subjective pain, and his finding here is based on sufficient evidence. *See Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984).

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Doan's motion (R.12) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion (R.13) is **GRANTED**.

The court will enter a separate judgment.

Signed on  August 31, 2011

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY